**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAR 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OTR WHEEL ENGINEERING, INC.; et al., | No. 19-35925 |
| Plaintiffs-Appellees, | D.C. No. 2:14-cv-00085-LRS |
| v. | |
| WEST WORLDWIDE SERVICES, INC.; et al., | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted December 16, 2020[**]
San Francisco, California

Before: RAWLINSON, MURGUIA, and R. NELSON, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge Rawlinson

Appellants (collectively "West") appeal the district court's denial of their

motion for recovery of a cash bond based on the preliminary injunction issued on

May 14, 2014, and modified on March 18, 2015. The district court held that the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

preliminary injunction granted in favor of Appellees (collectively "OTR") pending trial was not wrongful and that the injunction pending appeal, though wrongful, was not accompanied by a sufficient showing of damages. As we find the preliminary injunction was wrongful both pre-trial and pending appeal, we affirm the district court in part, reverse in part, and remand so the district court can allow discovery regarding potential injunction damages for the entire relevant time period and consider whether that additional discovery changes its damages analysis. We have jurisdiction under 28 U.S.C. §§ 1291 and 1292(a)(1).

1. "[B]efore a court may execute a bond, it must find the enjoined or restrained party was 'wrongfully enjoined or restrained.'" *Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994) (quoting Fed. R. Civ. P. 65(c)). A party is wrongfully enjoined "when it turns out the party enjoined had the right all along to do what it was enjoined from doing." *Id.* (citation omitted). "The standard of review for an order denying a motion to execute a bond is *de novo*." *Newspaper & Periodical Drivers' & Helpers' Union, Local 921 v. S.F. Newspaper Agency*, 89 F.3d 629, 631 (9th Cir. 1996) (citing *Nintendo*, 16 F.3d at 1036).

The district court enjoined West from:

 [d]irectly or indirectly making any commercial use of OTR's registered trade dress . . . for the *Outrigger* tire tread design, or any tire tread design that is confusingly similar to the *Outrigger* tire tread design; . . . using OTR's *Outrigger* trade dress, or any colorable

2

imitations thereof, in connection with the sale, offer for sale, advertising or promotion of any goods or services; . . . manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product or service which tends to relate or connect such product or service in any way to OTR's *Outrigger* model tires; . . . utilizing any of OTR's confidential and proprietary trade secrets pertaining to the *Outrigger* model tire for any reason.

In effect, West was broadly enjoined from making commercial use of some of its tires, including its *Extremelift* tires, which were the basis of OTR's trade dress and trade secret claims.[1]

However, the injunction against West was wrongful both pre-trial and pending appeal. When OTR's trade dress and trade secret claims failed at trial, it became clear that these concerns were never satisfactory reasons to enjoin West from making commercial use of its *Extremelift* tires. Thus, it "turn[ed] out [West] had the right all along to do what it was enjoined from doing." *Nintendo*, 16 F.3d at 1036. Moreover, there is no basis for treating the pre- and post-trial phases of the injunction differently. During either period, West could have tried to sell or otherwise commercially benefit from its *Extremelift* tires. As a result, West was "wrongfully enjoined" for the purposes of its motion for bond recovery during the

---

[1] OTR argues that West was only enjoined from selling its *Extremelift* tires to Genie Industries ("Genie"). In addition, OTR argues that an injunction was necessary to prevent West from benefitting from Genie's business because it had obtained that business through tortious interference, Washington Consumer Protection Act violations, and false designation. But the text of the injunction does not limit its scope to dealings with Genie or to West's benefit from Genie's business.

entire injunction period.[2]

2.     When an enjoined party can show it was wrongfully enjoined, it may be entitled to receive the "amount that the court considers proper to pay the costs and damages sustained by" the wrongfully enjoined party, which was set aside as security by the movant. Fed. R. Civ. P. 65(c). "[T]here is a rebuttable presumption that [the] wrongfully enjoined party is entitled to have the bond executed and recover provable damages up to the amount of the bond." *Nintendo*, 16 F.3d at 1036. Demonstrating "provable damages" requires the party to show "by a preponderance of the evidence that it sustained actual injury as a result of the wrongful issuance of the preliminary injunction." *Id.* at 1038 (internal quotation marks omitted).

Here, OTR was required to provide $3 million in security for the injunction. The district court found that West was not wrongfully enjoined as to the pre-trial portion of the injunction and limited discovery to the post-trial period. But the limited nature of the record makes it unclear what portion of the $3 million, if any,

---

[2]     Of course, our prior modification and affirmance of the grant of the preliminary injunction do not preclude us from finding that West was wrongfully enjoined. "[A] preliminary injunction may be granted on a mere probability of success on the merits. . . ." *Edgar v. MITE Corp.*, 457 U.S. 624, 649 (1982) (Stevens, J., concurring in part and concurring in the judgment). But a properly granted injunction can later be found to have wrongfully enjoined a party. As a result, the "bond, in effect, is the moving party's warranty that the law will uphold the issuance of the injunction." *Id.*

4

is potentially recoverable as "provable damages." *Id.* at 1036. Because West was wrongfully enjoined at all relevant times, the district court on remand should allow discovery for the full period of the injunction to address the entirety of West's damages evidence. The district court should also address how West's alleged failure to mitigate damages affects its analysis. *See Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986) ("If the Court of Appeals believed that the District Court had failed to make findings of fact essential to a proper resolution of the legal question, it should have remanded to the District Court to make those findings.").

**AFFIRMED IN PART AND REVERSED IN PART.**



*OTR Wheel Engineering, Inc. v. West Worldwide Services,* Inc., No. 19-35925
**Rawlinson, Circuit Judge, concurring in part and dissenting in part:**

MAR 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

I agree with the majority that the injunction against Defendants-Appellants

West Worldwide Services, Inc., Samuel J. West, SSL Holdings, Inc., SSL Global,

Inc., SSL China, LLC, and Qingdao STW Tire Co., Ltd. was wrongful pending

appeal. However, I do not agree with the majority's view that the injunction was

wrongful pre-trial. The injunction enjoined the Defendants-Appellants from:

> a. Directly or indirectly making any commercial use
> of [Plaintiff-Appellee] OTR Wheel Engineering, Inc.'s
> registered trade dress . . . for the *Outrigger* tire tread
> design, or any tire tread design that is confusingly similar
> to the *Outrigger* tire tread design;
>
> b. Directly or indirectly using OTR's *Outrigger* trade
> dress, or any of OTR's trademarks or colorable imitations
> thereof, in connection with the sale, offer for sale,
> advertising or promotion of any goods or services;
>
> c. Directly or indirectly: (i) manufacturing,
> producing, distributing, circulating, selling, offering for
> sale, advertising, promoting or displaying any product or
> service which tends to relate or connect such product or
> service in any way to OTR; or (ii) making any false
> description or representation of origin concerning any
> goods or services offered for sale by Defendants; and
>
> d. Directly or indirectly utilizing any of OTR's
> confidential and proprietary trade secrets for any reason.

1

When the case went to trial, the jury found that Defendants-Appellants were liable under the Lanham Act for reverse passing off. *See OTR Wheel Eng'g., Inc. v. West Worldwide Servs., Inc.*, 897 F.3d 1008, 1014 (9th Cir. 2018). In other words, the jury concluded that Defendants-Appellants represented that OTR's tires were actually Defendants-Appellants' product. *See id.* at 1013-14. The jury awarded OTR $967,015 in damages. *See id.* at 1014. At a minimum, this Lanham Act violation fell within the portion of the injunction prohibiting Defendants-Appellants from "making any false description or representation of origin concerning any goods or services offered for sale by Defendants." Accordingly, it is not accurate to say that the injunction was wrongful pre-trial. After all, the jury found that Defendants-Appellants acted wrongly in passing off OTR's tires as their own. *See id.* at 1013-14. For that reason, I respectfully dissent from the majority's conclusion that the injunction was wrongful pre-trial. I would affirm the judgment of the district court.